UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:08CV-00077-EHJ

DEBRA BROWN LEAR                                                                                              PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                           DEFENDANT

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN 1) of Debra Brown Lear ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 10) and the defendant (DN 13) have filed a Fact and Law Summary.

The District Judge has referred the case to the undersigned United States Magistrate Judge (DN 9) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B). By Order entered August 26, 2008 (DN 9), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on March 7, 2005 (Tr. 76-81). Plaintiff alleged that she became disabled on October 11, 2004 as a result of lower back problems, neck problems, depression, inner ear problems and allergies (Tr. 77-86, 87).

Administrative Law Judge Kathleen Thomas ("ALJ") conducted a hearing on October 12, 2006 in Madisonville, Kentucky. The plaintiff was present and represented by attorney Ron Bruce. Also present and testifying was John Grenfell, Ed.D., as a vocational expert (Tr. 27, 401).

In a decision dated December 14, 2006, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 12-20). At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 11, 2004, the alleged onset date (Tr. 14). At the second step, the ALJ determined that plaintiff's degenerative disc disease of the lumbar spine, alcohol abuse, and depression are "severe" impairments within the meaning of the regulations (Tr. 14). At the third step, the ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 14). At the fourth step, the ALJ found plaintiff has the residual functional capacity to perform less than a full range of medium work because she can only occasionally climb ladders, ropes and scaffolds but can frequently climb ramps and stairs; she can only occasionally stoop and crouch but can frequently balance, kneel and crawl; she should avoid concentrated exposure to vibration; and her mental impairment limits her to performance of simple, unskilled repetitive work (Tr. 14). Relying on testimony from the vocational expert, the ALJ found that plaintiff is unable to perform any past relevant work (Tr. 19). At the fifth step, the ALJ relied on testimony from the vocational expert to find that plaintiff is capable of performing a significant number of jobs in the national economy given her age, education, work experience, and residual functional capacity (Tr. 19-20). Therefore, the ALJ found that plaintiff has not been under a "disability," as defined in the Social Security Act, from October 11, 2004, through the date of the decision (Tr. 20).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision.

The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 5-7). Notably, the Appeals Council considered the additional medical evidence submitted by plaintiff in support of her request for review (Tr. 5-6, 8, 388-395) but concluded it did not provide a basis for changing the ALJ's decision (Tr. 5-6).

## CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a

>listed impairment within Appendix 1?
>
>4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
>5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 5-7). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff disagrees with the ALJ's finding, at the third step, that she does not have an

4

impairment or combination of impairments that meets or medically equals one of the impairments listed in Appendix 1 (DN 10). However, she has not provided any argument in support of her position (DN 10). In fact, plaintiff has not even identified a listing or listings in Appendix 1 that she believes she meets or medically equals (DN 10). Under the circumstances, the undersigned will deem the matter waived. United States v. Layne, 192 F.3d 556, 566 (6th Cir. 1999) (If an issue is referred to in a perfunctory manner without a developed argument in support it will be deemed waived); McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997).

Next, plaintiff challenges some of the findings that the ALJ made at the fourth step in the sequential evaluation process (DN 10). In conjunction with the fourth step, the ALJ made findings regarding the weight assigned to medical source statements in the record[1], plaintiff's credibility[2], plaintiff's residual functional capacity[3], the physical and mental demands of plaintiff's past relevant work, and plaintiff's ability to return to the past relevant work (Tr. 14-19). 20 C.F.R. § 404.1520(e). The undersigned will first address plaintiff's challenge to the weight assigned to the medical source statements in the record. She appears to be arguing the ALJ should have assigned greater weight to the medical opinions of her treating chiropractor and treating psychiatrist than he assigned to the medical opinions of the non-examining State agency medical and psychological

---

[1] 20 C.F.R. § 404.1527(d).

[2] In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. § 416.929; Social Security Ruling 96-7p.

[3] The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546. The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. C.F.R. §§ 404.1529, 404.1545(a), 404.1546.

5

consultants (DN 10).

While the regulations require Administrative Law Judges to evaluate every medical opinion in the record, the process of assigning weight to medical opinions in the record begins with the determination whether to assign controlling weight to the medical opinion of the "treating source." 20 C.F.R. § 404.1527(d). A "treating source" is a physician, psychologist, or other "acceptable medical source"[4] who provides the claimant, or has provided the claimant, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with the claimant. 20 C.F.R. § 404.1502. Controlling weight is assigned to the medical opinion of the "treating source" only when it is both well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. Social Security Ruling 96-2p; 20 C.F.R. § 404.1527(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 857 (6th Cir. 1990). When controlling weight is assigned to the medical opinion of the "treating source" the Administrative Law Judge is not required to assign weight to medical opinions from examining and/or non-examining sources. 20 C.F.R. §§ 404.1527(d) and (f)(ii).

Notably, if controlling weight is not assigned to the medical opinion of the "treating source" then the Administrative Law Judge must determine how much weight it should be accorded and set forth in the administrative decision good reasons for the weight given to the medical opinion. Social Security Ruling 96-2p; 20 C.F.R. § 404.1527(d)(2); Wilson v. Commissioner of Social Security, 378 F.3d 541, 545-546 (6th Cir. 2004) (If an Administrative Law Judge discounts the opinion of a treating physician, the Administrative Law Judge must provide "good reasons" for

---

[4] A complete list of "acceptable medical sources" is set forth at 20 C.F.R. § 404.1513(a).

6

doing so). Additionally, the Administrative Law Judge must determine how much weight should be given to medical opinions from examining and/or non-examining sources and provide an explanation for the administrative decision. 20 C.F.R. §§ 404.1527(d) and (f)(ii).

With regard to plaintiff's physical impairments, the ALJ found the limitations expressed by Dr. Jerius (a treating vascular surgeon) and Dr. Taylor (a treating general practitioner) were not intended to be long term work-related limitations (Tr. 16). The ALJ acknowledged that the treating chiropractor, Gerald W. Joines, D.C., prepared a work-related activities assessment and a letter expressing his opinion about the severity of plaintiff's lumbar condition (Tr. 16). However, the ALJ discounted the "offerings" because the chiropractor is not an "acceptable medical source" under 20 C.F.R. §§ 404.1527(a), 404.1513(c), 404.1513(d), and Social Security Ruling 06-03p, and cannot offer a medical opinion (Tr. 16-17). The ALJ then explained why he found persuasive and accepted the opinions expressed by the two non-examining State agency medical consultants (Tr. 17).

The regulations are very clear, only "acceptable medical sources" are qualified to provide evidence to establish the existence of a medically determinable impairment and render "medical opinions" about the nature and severity of a claimant's impairment, including limitations or restrictions imposed by the impairment. 20 C.F.R. §§ 404.1513(a), 404.1513(b)(6), 404.1527(a)(2); Social Security Ruling 06-03p. Further, the regulations set forth factors the Administrative Law Judge should consider in deciding how much weight to accord "medical opinions" rendered by "acceptable medical sources" who have treated the claimant, examined the claimant, or examined the medical record regarding the claimant. 20 C.F.R. §§ 404.1527(a)(2), 404.1527(d), 404.1527(f)(2)(ii); Social Security Ruling 06-03p.

Since chiropractors are not classified as "acceptable medical sources", 20 C.F.R. §

7

404.1513(a)(1)-(5), the ALJ's determination that the treating chiropractor is not qualified to render a "medical opinion" does comport with applicable law. However, the ALJ is required to consider all relevant evidence in the case record when she made her decision about whether plaintiff is disabled. 20 C.F.R. § 404.1527(b); Social Security Ruling 06-03p, 2006 WL 2329939 at *4 (August 9, 2006). Relevant evidence includes "opinion" evidence from healthcare providers such as chiropractors who are classified under the regulations as "other sources" of evidence. 20 C.F.R. §§ 404.1513(d)(1), 404.1527(b); Social Security Ruling 06-03p, 2006 WL 2329939 at *4 (August 9, 2006). Certainly, the regulations do not address how to assign weight to opinions from "other sources" such as chiropractors that address the severity of a claimant's impairment or how it affects a claimant's ability to work. 20 C.F.R. § 404.1513(d); Social Security Ruling 06-03p, 2006 WL 2329939 at *4 (August 9, 2006). However, Social Security Ruling 06-03p, which the ALJ cited in her decision, addresses the issue. It directs that the factors set forth at 20 C.F.R. § 404.1527(d) are to be used in deciding how much weight to accord opinion evidence from healthcare providers such as chiropractors who are classified as "other sources" of evidence under the regulations. Social Security Ruling 06-03p, 2006 WL 2329939 at *1-5 (August 9, 2006).[5] Moreover, the Sixth Circuit indicated following implementation of Social Security Ruling 06-03p an Administrative Law Judge should apply the factors in 20 C.F.R. §§ 404.1527(d) and 416.927(d) to opinions from healthcare providers who are not classified as "acceptable medical sources" under the regulations. Cruse v. Commissioner of Social Security, 502 F.3d 532, 541 (6th Cir. 2007) (Social Security Ruling 06-03p held not applicable because the final decision of the Commissioner preceded its implementation

---

[5]Notably, this policy interpretation ruling includes a concession that in certain circumstances an opinion from a healthcare provider who is not an "acceptable medical source" may be accorded greater weight than the opinion of an "acceptable medical source". Social Security Ruling 06-03p, 2006 WL 2329939 at *5 (August 9, 2006).

date). In sum, since the ALJ summarily discounted the opinions of the treating chiropractor, rather than applying the factors in 20 C.F.R. § 404.1527(d), the administrative decision does not comport with applicable law.

The next step is to determine whether the error is harmless. The treating chiropractor expressed exertional limitations and postural limitations that limit plaintiff to performing less than a full range of work at the sedentary exertional level (Tr. 364-365). 20 C.F.R. § 404.1567(a); Social Security Ruling 96-9p. The vocational expert testified that the restrictions expressed by the treating chiropractor would not preclude plaintiff from performing work as a retail manager, as described for the national economy (Tr. 426). However, the ALJ found plaintiff's mental impairments limit her to the performance of simple, unskilled, repetitive work (Tr. 14). The vocational expert testified that if plaintiff were limited to simple, unskilled, repetitive tasks she would not be capable of performing managerial work (Tr. 425). The simple, unskilled, repetitive task jobs the vocational expert did identify were at the medium and light exertional levels (Tr. 425-426). The vocational expert was not asked to render an opinion regarding job availability if plaintiff had the physical limitations expressed by her treating chiropractor plus a mental impairment that limited her to simple, unskilled, repetitive tasks (Tr. 424-427). In sum, the record is not adequately developed to determine whether plaintiff has been prejudiced by the ALJ's error. Therefore, the undersigned recommends the final decision of the Commissioner be reversed and, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded to the Commissioner with the direction to remedy the defect in the original proceedings. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 175 (6th Cir. 1994). Further, on remand the Commissioner can consider the treatment notes and medical opinions of the treating psychiatrist that plaintiff submitted to the Appeals Council.

The undersigned acknowledges that there are additional arguments raised by plaintiff

9

but deems it unnecessary to address those arguments in light of the above findings and recommendation.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the final decision of the Commissioner does not comport with applicable law. The undersigned recommends that the final decision of the Commissioner be REVERSED and, pursuant to sentence four of 42 U.S.C. § 405(g), this case be REMANDED to the Commissioner to remedy the defect in the original proceedings.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies:     Counsel